UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KATHLEEN BREEN, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 05-0654 (PLF) |
| ELAINE CHAO, SECRETARY OF TRANSPORTATION, DEPARTMENT OF TRANSPORTATION, et al., | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is a Consent Motion [Dkt. No. 492] to Withdraw as Counsel for

Plaintiff Varic Ellefson ("Consent Motion"). Plaintiffs' Counsel Gilbert Employment Law, P.C.,

and Cohen Milstein Sellers & Toll, PLLC, seek to withdraw their appearance as counsel for Mr.

Ellefson pursuant to Rule 83.6 of the Local Civil Rules. See Consent Motion at 2, 4. They state

that Mr. Ellefson has failed to respond to any communications from counsel since July 2018. Id.

at 1. They also recount in great detail their numerous attempts to contact Mr. Ellefson through

email, telephone, and certified mail. Id. at 3-4. Counsel used LexisNexis and internet searches

in an effort to contact Mr. Ellefson, but have not been successful in reaching him, despite having

tried one email address, two mailing addresses, and three phone numbers. Id. Counsel even

attempted to contact Mr. Ellefson through his last known employer and through other plaintiffs,

but to no avail. Id.

Rule 83.6(c) of the Local Civil Rules states that "if [a] party is not represented by

another attorney, an attorney may withdraw an appearance for a party only by order of the Court

upon motion by the attorney served upon all parties to the case." The Rule further requires that the motion be "accompanied by a certificate of service listing the party's last known address and stating that the attorney has served upon the party a copy of the motion and a notice advising the party [that] if the party intends to conduct the case pro se or to object to the withdrawal, to so notify the Clerk in writing within seven days of service of the motion." LCvR 83.6(c). Counsel appended a certificate of service to the motion and attached a copy of the notice sent to Mr. Ellefson. See Consent Motion at 4; Notice to Plaintiff Varic Ellefson [Dkt. No. 492-1]. Counsel therefore have fulfilled their responsibilities under the Local Rules.

Even where counsel has acted in accordance with Rule 83.6(c), this Court may still deny the withdrawal motion "if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice." LCvR 83.6(d). The Court finds no cause, however, to deny the motion. The parties are engaged in settlement discussions, so counsel's withdrawal will not delay trial. Further, although withdrawal may prejudice Mr. Ellefson, it will not unfairly prejudice him. Parties have a responsibility to communicate with counsel and Mr. Ellefson has failed to fulfil that responsibility. The Court will grant the motion to withdraw.

Defendants also request that this Court "issue an order to Mr. Ellefson to show cause for why his claim should not be dismissed for failure to prosecute and for failure to maintain contact with his attorneys." Consent Motion at 4. A Court may dismiss a claim for failure to prosecute "upon motion by an adverse party, or upon the Court's own motion." LCvR 83.23. The Court agrees with defendants that Mr. Ellefson's non-responsiveness for over two years constitutes grounds for dismissal. Further, because of the great lengths to which plaintiffs' counsel has gone to get in touch with Mr. Ellefson, the Court concludes that any

2

"show cause" order would be unlikely to reach Mr. Ellefson. The Court therefore will dismiss Mr. Ellefson's claims without prejudice. Accordingly, it is hereby

ORDERED that the motion [Dkt. No. 492] of plaintiffs' counsel to withdraw as counsel for plaintiff Varic Ellefson is GRANTED; and it is

FURTHER ORDERED that plaintiff Varic Ellefson's claim is dismissed without prejudice for failure to prosecute.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  December 24, 2020